# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SAMUEL J. BOZOCHOVIC,** | : | **CIVIL NO. 1:17-CV-1439** |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| v. | : | |
| **WARDEN DAVID VERANO,** *et al.*, | : | |
| **Defendants** | : | |

## MEMORANDUM

Samuel Bozochovic ("Bozochovic"), an inmate formerly housed at the Columbia County Prison, in Bloomsburg, Pennsylvania, commenced this action pursuant to 42 U.S.C. § 1983. (Doc. 1). Named as defendants are Warden David Varano and Deputy Warden Douglas Meyer. Before the court is defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 20). The motion is ripe for disposition and, for the reasons set forth below, the court will grant the motion to dismiss.

## I. Allegations of the Complaint

On April 26, 2017, Bozochovic was allegedly assaulted by another inmate while housed at the Columbia County Prison. (Doc. 1 at 5). Bozochovic alleges that the inmate assaulted him with a weapon made from a locker hook. (Id.) As a result of the assault, Bozochovic allegedly suffered lacerations to the back of his head and injuries to his left rib cage. (Id.)

Bozochovic sets forth claims of negligence and failure to protect against defendants. (Id.) He avers that defendants should have removed all locker hooks from the prison before the assault occurred. (Id.) For relief, Bozochovic seeks monetary damages. (Id. at 6).

## II. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a three-step inquiry. See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step,

"the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded. Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

### III. Discussion

#### A. Favorable Termination Rule

Bozochovic claims that his Eighth Amendment rights were violated when defendants failed to protect him from assault by another inmate. Bozochovic's Eighth Amendment claim arises out of the incident that allegedly occurred on April 26, 2017 at the Columbia County Prison. As a result of this incident, Bozochovic was charged with simple assault in the Court of Common Pleas of Columbia County. (Doc. 20-2, Criminal Complaint; Doc. 20-3, Commonwealth v. Bozochovic,

3

No. CP-19-CR-0000418-2017).  On November 2, 2017, Bozochovic pled guilty to simple assault and was sentenced to thirty days' incarceration.  (Id.)[1]

In the instant motion, defendants argue, among other things, that Bozochovic's Eighth Amendment claim is barred by Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).  In response to defendants' motion, Bozochovic argues that the Heck doctrine should not apply to this case because he acted in self-defense in connection with the underlying assault.  (Doc. 25 at 2).  In Heck, the United States Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

---

[1] When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court generally considers only the allegations contained in the complaint, exhibits attached to the complaint, and matters of public record.  See Hynoski v. Columbia Cty. Redevelopment Auth., 941 F.Supp.2d 547, 555-56 (M.D. Pa. 2013).  The court takes judicial notice of Bozochovic's criminal docket sheet and criminal complaint attached to defendants' motion to dismiss.  (Docs. 20-2, 20-3).  The court relies on these documents without construing defendants' motion to dismiss as one for summary judgment because judicial docket sheets are public records, of which the court may take judicial notice in deciding a motion to dismiss.  See Pension Ben. Guar. Corp. v. White Consol. Industries, Inc., 998 F.2d 1192, 1196-97 (3d Cir. 1993) (defining public records to include, *inter alia*, criminal case dispositions, such as convictions or mistrials); Dean v. Copozza, 2013 WL 1787804, at *1 (W.D. Pa. 2013) ("Pennsylvania's Unified Judicial System provides online access to the docket sheet for criminal cases, and this court may take judicial notice of those dockets.").

4

Heck, 512 U.S. at 486-87 (emphasis in original).  Stated another way, proof that a plaintiff's underlying conviction has been vacated, set aside, or otherwise altered is a prerequisite to any Section 1983 claim which would imply the invalidity of that conviction.  See id.; Grier v. Klem, 591 F.3d 672, 677 (3d Cir. 2010) (observing that Heck "expanded the circumstances in which a prisoner is barred from bringing a Section 1983 claim").  Heck also held that "a Section 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated."  Heck, 512 U.S. at 489.

Thus, "Heck stands for two important, but distinct, propositions: (1) Section 1983 claims that would impugn the validity or imply the invalidity of an underlying criminal conviction are barred unless the plaintiff can show that the conviction has been overturned; and (2) certain Section 1983 claims operate under a rule of deferred accrual, such that the claim does not accrue for purposes of initiating a Section 1983 action until the conviction is overturned."  Clouser v. Johnson, 40 F. Supp. 3d 425, 431 (M.D. Pa. 2014) (citing Heck, 512 U.S. at 486-87).

As stated *supra*, Bozochovic's Eighth Amendment claim stems from the incident that occurred on April 26, 2017 at the Columbia County Prison.  In relation to this incident, Bozochovic was ultimately convicted of simple assault in the Court of Common Pleas of Columbia County.  The court finds that Heck bars Bozochovic's failure to protect claim because he pled guilty to simple assault and, therefore, any judgment in favor of Bozochovic on his Eighth Amendment claim would necessarily

invalidate his conviction[2] arising out of the April 26, 2017 incident underlying this lawsuit. To the extent that Bozochovic's claims necessarily imply the invalidity of his criminal conviction or sentence, he has failed to demonstrate that his conviction or sentence has previously been reversed, expunged, declared invalid, or called into question. See Heck, 512 U.S. at 486-87. As such, the Eighth Amendment claim is barred by the favorable termination rule set forth in Heck, and the court will grant defendants' motion in this regard.

### B. Failure to Protect Claim

Even if Bozochovic's Eighth Amendment claim was not barred by Heck, the court finds that the claim is subject to dismissal for failure to state a claim. "[T]he Eighth Amendment's Cruel and Unusual Punishments Clause imposes on prison officials 'a duty to protect prisoners from violence at the hands of other prisoners.'" Bistrian v. Levi, 696 F.3d 352, 366 (3d Cir. 2012) (quoting Farmer v. Brennan, 511 U.S. 825, 833 (1994)). However, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." Farmer, 511 U.S. at 834. To establish a failure to protect claim, "an inmate must plead facts that show (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm." Bistrian, 696 F.3d at 367.

---

[2] "[A] plea of guilty is more than an admission of conduct; it is a conviction." Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

6

Bozochovic has not sufficiently alleged a failure to protect claim against defendants. The complaint does not allege facts that would indicate "a sufficiently substantial danger" to Bozochovic existed prior to the assault. Id. The complaint suggests that the assault was random, and was not the product of "longstanding, pervasive, well-documented, or previously noted tensions between" Bozochovic and the other inmate. Blackstone v. Thompson, 568 F. App'x 82, 84 (3d Cir. 2014). Moreover, nothing in the complaint supports a reasonable inference that defendants, as the Warden and Deputy Warden, were aware of, and deliberately indifferent to, "any specific incident or cause of tension between the [inmates] from which a greater inference of risk could be drawn." Id. As such, this claim will be dismissed.

Defendants also argue that Bozochovic failed to allege any facts suggesting that they were personally involved in the alleged wrongful conduct. (Doc. 21 at 5-7). Individual liability can be imposed under section 1983 only if the state actor played an "affirmative part" in the alleged misconduct and "cannot be predicated solely on the operation of respondeat superior." Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1998)). "A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode, 845 F.2d at 1207-08; see also Rizzo v. Goode, 423 U.S. 362 (1976); Atkinson v. Taylor, 316 F.3d 257 (3d Cir. 2003). Such allegations, however, must be made with appropriate particularity in that a complaint must allege the particulars of conduct, time, place, and person

7

responsible. Evancho, 423 F.3d at 354; Rode, 845 F.2d at 1207-08. Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement. Rode, 845 F.2d at 1208.

Bozochovic has failed to set forth any allegations that defendants were personally involved in the altercation. To the extent that the defendants are sued based on their supervisory roles as Warden and Deputy Warden, this claim fails. Any attempt by Bozochovic to hold the defendants liable for the actions of their subordinates is essentially an assertion of *respondeat superior* liability which seeks to hold these defendants liable based on their supervisory roles. This ground of constitutional liability has been routinely rejected by the courts. See Rode, 845 F.2d at 1207. Consequently, defendants' motion will be granted on this ground.

**C. State Law Claim**

Bozochovic's state law claim of negligence against defendants will also be dismissed. A district court may decline to exercise supplemental jurisdiction over a state law claim or claims if the district court dismisses those claims over which it has original jurisdiction. Since the claims that form the basis of this court's jurisdiction under 28 U.S.C. § 1331 will be dismissed, the court declines to exercise supplemental jurisdiction.

## IV. **Leave to Amend**

When a complaint fails to present a *prima facie* case of liability, district courts must generally grant leave to amend before dismissing the complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). Specifically, the Third Circuit Court of Appeals has admonished that when a complaint is subject to dismissal for failure to state a claim, courts should liberally grant leave to amend "unless such an amendment would be inequitable or futile." Phillips, 515 F.3d at 245 (citing Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004)). Because the court finds that Bozochovic's claims lack any arguable basis in law and fact, allowing Bozochovic the opportunity to amend would be futile.

## V. **Conclusion**

For the reasons set forth above, the court will grant defendants' motion (Doc. 20) to dismiss. An appropriate order will issue.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:     February 26, 2019